THE STATE, EDWARD C. BATCHELOR ET AL., PROSECUTORS, PLAINTIFFS IN ERROR v. THE MAYOR AND COUNCIL OF THE BOROUGH OF AVON-BY-THE-SEA ET AL., DEFENDANTS IN ERROR.

Submitted July 3, 1909—Decided November 15, 1909.

1. Where a municipality appoints a board of assessment commissioners to act in all cases in which it is necessary to ascertain and assess damages and benefits arising from a public improvement, it is not necessary that the qualifications of the commissioners be set out in each proceeding, as is required when they are appointed for a particular or special service, for in the former case they are officers of the city, and their qualification will be assumed until the contrary appears.
2. The signing of a petition to improve a public street under the Borough act does not disqualify such an officer.
3. Section 33 of the Borough act (*Pamph. L.* 1897, *p.* 301), makes it lawful to provide in the same ordinance for the making of more than one improvement, provided the commissioners shall assess and return separately the damages incurred or benefits received thereby. This provision applies to a single completed improvement, and only requires that damages and benefits be separately returned as to each, not that each item of a single improvement, such as grading, curbing or paving be separately considered as to damages or benefits, and a return made as to each item making up the total cost.

On error to the Supreme Court, whose opinion is reported in 46 *Vroom* 449.

For the plaintiffs in error, *Acton C. Hartshorne* and *Alan H. Strong.*

For the defendants in error, *George W. W. Porter.* ·

The opinion of the court was delivered by

BERGEN, J.  The borough of Avon, by separate ordinances, provided for the grading, graveling and curbing of certain streets or sections of streets in the borough.  The assessments for benefits and damages were separately made as to each street by a board of commissioners of assessment duly appointed under section 52 of the Borough act. *Pamph. L.* 1897, *p.* 285, as amended; *Pamph. L.* 1900, *p.* 400.  The act, as amended, makes it "lawful to appoint three discreet persons, residents and freeholders of the borough, to be commissioners of assessment;  said commissioners shall make all assessments in favor of the owner of lands or real estate damaged or taken, or upon the owner of any land or real estate for benefits conferred by any general or local improvement."

This board ascertained the damages to landowners and the benefits conferred by each improvement, and made a report in each case to the common council.  All of these assessments were removed to the Supreme Court by *certiorari,* and that court held them all to be illegal upon the ground that the proceedings in each case failed to recite that the commissioners of assessment were "discreet persons, residents and freeholders of the borough," as required by section 52, as amended, of the Borough act as above mentioned, basing its conclusions on *Brewer* v. *Elizabeth,* 37 *Vroom* 547; *State* v. *Newark,* 1 *Dutcher* 399.  The court thereupon set aside the report of the commissioners, and made a reassessment, adopting for that purpose the report of the commissioners, and to review that judgment this writ was taken.  In reaching this conclusion the Supreme Court failed to note the distinction

between commissioners appointed for a special purpose, to which the cases cited apply, and a board of commissioners appointed to serve in all cases, arising in the municipality, where damages are to be awarded and benefits assessed for improvements.

In the former case the qualifications necessary to justify the appointment must be set out in the proceedings, but in the latter it is not required. The commissioners in the present case were a board regularly appointed to serve in every case where assessments were necessary in making any public improvement, "they were permanent officers of the city, not a mere set of commissioners appointed for a particular case. It is no more necessary that their particular qualifications should be set forth than those of any other officer of the city, as the mayor, the city clerk, or the members of the common council." *State* v. *Jersey City*, 4 *Dutcher* 500, 504; *State, H. Land and I. Co., pros.*, v. *Hoboken*, 7 *Vroom* 291; *State, Harris, pros.*, v. *Jersey City*, 9 *Id.* 85, 86.

The judgment of the Supreme Court in setting aside the assessment made by the commissioners, having no legal foundation, it was without jurisdiction to make a reassessment.

It is, however, urged that as Dow Kling, one of the board of commissioners, signed a petition addressed to the common council of the borough requesting that the improvements be made, he was disqualified to act as commissioner of assessments, and the common council should have appointed another to act in this special case, and that the failure to do so is fatal to these proceedings.

We do not think the signing of a petition addressed to the common council, asking for an improvement, creates such an "interest in the assessment" as to disqualify a petitioner from acting as a commissioner of assessments, for section 55 of the Borough act requires the common council to determine, after the completion of the improvement, the expense thereof, which shall be, by resolution, entered upon the record of their proceedings, and the amount so determined

shall thereafter be treated as the expense of the improvement. Up to this point the commissioners have no official connection with the matter, and their interest is the same as that of any other resident taxpayer, unless they own lands subject to assessment for the improvement, which is not claimed in this case. If the action of the common council in making an improvement was likely to be governed by the official action of the commissioners, and the ordering or refusal to order an improvement, might depend upon the proportion of expense to be cast upon the city, and it was required that the cost of the improvement be ascertained by the commissioners in advance of the ordering of the improvement by the common council, a different case might arise, but that situation is not present in this case, and the question is not determined. When the commissioners in this case were called upon to act, the improvement had been made, the expense incurred and the amount determined, so that all the commissioners had to do was to ascertain the damages and benefits arising from a completed improvement, and their action could not in any way influence what had already been done. They were, to be sure, interested in the amount to be charged to the city for such part of the cost as exceeded the benefits, but in this they were in the same position as all other citizens, and if such interest be a disqualification, every resident taxpayer would be disqualified, and no commission could be appointed from among the "residents and freeholders of the borough," as required by the act. The interest necessary to disqualify must be one which does not apply to the entire community affected by the assessment.

The next objection to the assessment made by the commissioners, and by the Supreme Court, is, that neither ascertained, as separate items, the cost of the grading, of the curbing, and of the graveling, and that there was nothing in the case from which either the commissioners or the Supreme Court could determine to what extent the property of the prosecutors was benefited by each of said items of improvement. This objection is founded on section 33 of the Borough act, the second subdivision of which authorizes the

common council of a borough to grade or regrade, curb or recurb, gutter or regutter, pave or repave, or otherwise improve the streets and gutters in any street, avenue or section of the same, to construct public walks along an ocean front, to provide suitable protection against encroachments by the sea, and to cause the cost of such improvements to be assessed upon the lands fronting upon the street. It also makes it lawful to provide for the making of more than one of the above improvements, "provided they be on the same street, and that the commissioners of assessment return separately the damages incurred, or benefits received."

It is urged by the plaintiff in error that this proviso requires that each item of the cost of an improvement, and the damages incurred or benefits received, be assessed and returned separately—that is, the cost of laying a pavement is a distinct item, and that damages and benefits should be ascertained as to that and returned as an independent item, and so as to the graveling and curbing. We do not think that under this act the commissioners of assessment are required to separate the different elements constituting a street improvement. The act seems to divide the improvements into three classes—*first,* street improvements, which embraces grading, curbing, paving and graveling; *second,* construction of public walks along any beach or ocean front; *third,* providing suitable protection for property against an encroachment by the sea. Whether this be so or not, it is clear that the ordinance under consideration relates to street improvements, for all of the ordinances provide for grading and graveling with a layer of clay gravel spread six inches thick, the entire width of the street, and also that they be curbed on both sides with stone curbing, thus in each case dealing with street improvements, and the proviso referred to does not extend beyond requiring that when the cost of a street improvement has been ascertained by the common council, the commissioners of assessment shall report, as to each landowner, the amount awarded for damages, and the amount assessed for benefits, and not report the difference between the two items.

We find no error in the assessment and return made by the commissioners, nor that Mr. Kling, one of the commissioners, was disqualified, and therefore the Supreme Court was without jurisdiction to make the assessment, which is the subject of this writ of error, and for that reason the judgment below must be reversed in order that the assessment made by the commissioners of assessment under review in that court may be affirmed.

The judgment below is reversed, and the assessment made by the commissioners of assessment affirmed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 14.